UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GEORGE M. FUENTES                          CIVIL ACTION NO. 16-cv-1232

VERSUS                                     JUDGE FOOTE

SHERIFF'S DEPT. BOSSIER PARISH,            MAGISTRATE JUDGE HORNSBY
ET AL

**REPORT AND RECOMMENDATION**

**Introduction**

George M. Fuentes is a convicted state inmate who was formerly housed at the Bossier Parish Medium Security Facility, which is operated by the Bossier Parish Sheriff. Plaintiff filed this civil rights action against Sheriff Whittington and Warden Jacobs to complain that they would not provide him with corrective eyeglasses. Plaintiff's complaint prayed for injunctive and declaratory relief with respect to the glasses. He also filed a Motion for Preliminary Injunction (Doc. 9) that asked for an order banning threats and retaliation against him for filing this action.

Plaintiff was later transferred to the Richwood Correctional Center, a private prison that is not operated by the Bossier sheriff. Defendants have filed a Motion for Summary Judgment (Doc. 19) that argues all requested injunctive relief is now moot and that the complaint does not state an actionable claim. Plaintiff did not file a response to the motion.

For the reasons that follow, it is recommended that Plaintiff's motion be denied and that Defendants' motion be granted.

**Relevant Facts**

Plaintiff filed a medical attention request form in July 2016 and asked for prescription eyeglasses. He wrote that he and his family were indigent, and not having glasses forced him "to squint to see and it may be what's causing my head to hurt." The staff responded that the Bossier sheriff's policy did not require payment for an eye exam or glasses.

Plaintiff next filed an administrative remedy procedure grievance that repeated the claim that he believed he needed eyeglasses and that "the strain on my eyes might be causing my head to hurt." The claim was denied, with a notation that the Bossier sheriff does not cover the cost of eye exams or eyeglasses, and the state Department of Corrections had advised that it also would not cover those expenses. Plaintiff was told that his family would have to make arrangements at their expense.

Plaintiff then filed this civil action. He alleged that he wore glasses before he was in custody, but they were broken by an officer during his arrest. Plaintiff repeated the claim that he needed glasses and that eye strain made his head hurt. He wrote that he was seeking declaratory and injunctive relief requiring the Bossier sheriff to schedule an eye exam and acquire prescription glasses. He also prayed for "nominal damages in the amount of $350, the cost of filing this suit."

**Analysis**

    **A. Injunctive and Declaratory Claims are Moot**

Sgt. Jason Porter, the classification officer for the Bossier sheriff, testifies in an affidavit that he maintains the records of booking and release or transfer of all inmates housed at the Bossier Parish facilities. Those records show that Plaintiff was transferred on September 30, 2016 from the Bossier Parish Medium Security Facility to the Richwood Correctional Center near Monroe, Louisiana. Porter adds that Plaintiff has not returned to a Bossier facility since that date. The record shows that Plaintiff notified the court in early October 2016 that he had changed his address to the Richwood Correctional Center. Doc. 12.

Plaintiff's principal demand is for injunctive relief regarding prescription eyeglasses. He has also requested an injunction against retaliation. Those claims are no longer viable, because a prisoner's transfer to another facility "render[s] his claims for declaratory and injunctive relief moot." Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were mooted by transfer to another prison); Cooper v. Sheriff, Lubbock County, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at prior jail were moot); and Bruce v. Little, 568 Fed. Appx. 283, 287 (5th Cir. 2014) (claims for injunctive relief based on smoke exposure and other conditions at prior jail were moot). Any suggestion of injunctive relief

based on the possibility that Plaintiff might some day be transferred back to a Bossier facility and still be in need of glasses "is too speculative to warrant relief." Herman, 238 F.3d at 665.

### B. Plaintiff Not Entitled to Filing Fee Reimbursement

Plaintiff's only other request for relief is for "nominal damages," but Plaintiff really requests reimbursement of the $350 filing fee that he is responsible for paying by deductions from his inmate trust account. Costs are assessed by the court, ordinarily to the prevailing party. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); 28 U.S.C. § 1920 (listing taxable costs, which include fees of the clerk); and Local Rule 54.3 (setting forth procedure for the prevailing party to apply to have costs taxed). The fact that Plaintiff cannot prevail on the merits of his claim for injunctive relief defeats his request for costs.

### C. Failure to State a Claim

The court would stop here, but the request for nominal damages, even though best interpreted as a prayer for costs, might be seen by some as a damages claim that was not rendered moot by transfer. Accordingly, the merits of the claim will also be addressed. For the reasons that follow, Plaintiff is not entitled to nominal or any other damages; his complaint fails to state a claim on which relief may be granted.

A convicted prisoner who asserts a claim that his medical care (or lack of care) violated the Constitution must show that prison officials were "deliberately indifferent" to

his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92.

It is possible that the denial of eyeglasses by prison officials may constitute an Eighth Amendment violation if there is a serious medical need. Such a need has been recognized in limited situations, such as where the prisoner was legally blind or his poor vision otherwise constituted a serious safety hazard. See Kemppainen v. Aransas County Detention Center, 626 F.Supp. 2d 672, 677-78 (S.D. Tex. 2009), citing Newman v. Alabama, 503 F.2d 1320, 1331 (5th Cir. 1974). But in cases where a prisoner is merely inconvenienced by common nearsightedness or other less serious vision problems, courts have rejected claims for free eyeglasses on the grounds that jail or prison officials were not deliberately indifferent to a serious medical need. See Parrott v. St. Tamany Parish Jail, 2014 WL 582810, *6 (E.D. La. 2014) (collecting cases); Salinas v. Hamilton, 2014 WL 7405711 (W.D. Tex. 2014). Plaintiff did not allege that his need for corrective lenses caused anything more than possible headaches, so he has not alleged a claim of cruel and unusual punishment recognized under the Eighth and Fourteenth Amendments.

**Conclusion**

If the court were dismissing the complaint based solely on mootness, dismissal without prejudice would be appropriate. We Care Community Economic Development Corp., Inc. v. Jefferson Davis County Tax Collector, 2016 WL 7156591, *2 (S.D. Miss.

2016). But the sole claim has also been found to fail to state a claim on which relief can be granted. Dismissals under Rule 12(b)(6) are ordinarily on the merits and should be with prejudice. Cruz-Hernandez v. Johnson County Detention Center, 2017 WL 927825, n. 14 (N.D. Tex 2017). That is the correct form of dismissal in this case.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 9) be denied and that Defendants' Motion for Summary Judgment (Doc. 19) be granted by dismissing with prejudice all claims against all defendants.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of March, 2017.

Mark L. Hornsby
U.S. Magistrate Judge